UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAM MINH TRAN | CIVIL ACTION |
| VERSUS | NO. 22-1161 |
| FRANKLIN PARISH DETENTION CENTER | SECTION "S"(4) |

### ORDER AND REASONS

Petitioner Tam Minh Tran filed a **Motion for Appointment of Counsel (ECF No. 16)** for counsel to assist him with his habeas petition brought pursuant to 28 U.S.C. § 2254 because of his "pro-se status and lack of understanding much of the law." *Id*. at 1. Tran also seeks assistance from the Court to compel the state court clerk of court to provide him with documents previously ordered to be provided to him by a state court judge. *Id*.

A petitioner has no right to appointment of counsel in a non-capital federal habeas proceeding. *Santana v. Chandler*, 961 F.2d 514, 516 (5th Cir. 1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (no constitutional right to counsel in habeas corpus proceedings); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992); *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004). Appointment of counsel is *only* required when the Court determines that an evidentiary hearing is to be held on an initial, non-capital § 2254 petition. *See* Rule 8(c), Rules Governing § 2254 Cases; *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011). Tran's petition does not on its face warrant an evidentiary hearing under § 2254(e)(2).[1] *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir.

---

[1] 28 U.S.C. § 2254(e)(2) provides that no hearing shall be held on a claim unless the petitioner can show:
(A) the claim relies on -- (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii)  a factual predicate that could not have been previously discovered through the exercise of due diligence; and

2016); *see also*, *Williams v. Taylor*, 529 U.S. 420, 432 (2000) ("failed to develop" means a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel.").

The Court also may appoint counsel if the interests of justice so require. *See* 18 U.S.C. § 3006A; 28 U.S.C. § 1915(e)(1); *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985) ("This court appoints counsel to represent a person seeking habeas corpus relief when the interests of justice so require and such person is financially unable to obtain representation."); *accord Hulsey v. Thaler*, 421 F. App'x 386, 388 n.5 (5th Cir. 2011) (assuming without deciding that § 3006A "in fact applies wholesale to non-capital habeas cases such as this."). However, "[i]f the matter can be resolved on the basis of the record and the pleadings submitted by the parties, the interests of justice do not require the appointment of counsel." *Jackson v. Warden, West Monroe City Jail*, No. 06-1425, 2006 WL 4041524, at *2 (W.D. La. Oct. 23, 2006) (citations omitted).

The Court has not yet received a response or the state court record which are due from the State on June 21, 2022. ECF No. 18. An overview of Tran's claims reveals that the Court will be able to resolve the matter based on the record and applicable Supreme Court law. The issues before the Court, while significant to Tran, are not so complex to warrant appointment of counsel. The Court does not find that the interests of justice dictate appointment of counsel at this time. *See Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008); *Reese v. Cain*, 265 F. App'x 230, 232 (5th Cir. 2008).

Furthermore, this Court is without authority even under federal habeas review to mandate that the state clerk of court provide him with documents ordered by the state court. *Accord*, *Vela v. Davis*, 713 F. App'x 382 (5th Cir. 2018) (federal habeas court lacked jurisdiction to compel a

---

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

2

state court to provide record copies to petitioner) (citing *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)); *Hebert v. Louisiana*, 745 F. App'x 227 (5th Cir. 2018) (same). Accordingly,

**IT IS ORDERED** that Tran's **Motion for Appointment of Counsel (ECF No. 16)** is **DENIED**.

New Orleans, Louisiana, this  6th  day of June, 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**