UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAM MINH TRAN | CIVIL ACTION |
| VERSUS | NO. 22-1161 |
| FRANKLIN PARISH DETENTION CENTER, ET AL. | SECTION "S"(4) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including

an evidentiary hearing if necessary, and to submit proposed findings and recommendations

pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules**

**Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that

this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

### I.      Factual and Procedural Background

Petitioner Tam Minh Tran ("Tran") is a convicted inmate incarcerated in the Franklin

Parish Detention Center in Winnsboro, Louisiana.[2]  On August 10, 2016, Tran and co-defendant

David Thanh-Liem Nguyen ("Nguyen") were charged in a multicount Bill of Information in St.

Tammany Parish case number 577672.[3]  An amended Bill of Information was filed September 19,

2016, charging Tran, Nguyen, and three others, Bichtrang Thi Pham, Michael Phi Pham, and

Courtney Ann Mitchell in fifteen counts.[4]  Tran was charged in two of those charges with the

following crimes: (1) Count One, production and manufacturing of marijuana; Counts Two and

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.
[2] ECF No. 7.
[3] St. Rec. Vol. 1 of 2, Bill of Information, 8/10/16.  The record does not contain a complete copy of this Bill of Information.
[4] *Id.*, Amended Bill of Information, 9/19/16.

Eight, possession with intent to distribute marijuana; (3) Count Three, convicted felon in possession of a weapon; (4) Count Four, illegal possession of stolen firearms; (5) Count Five, unlawful possession of body armor by a convicted felon; (6) Counts Six and Nine, illegal transfer of drug proceeds; and (7) Counts Seven and Ten, cruelty to juveniles.

According to the state court pleadings and co-defendants' statements, Tran and his girlfriend Bichtrang Pham ran Tran's Mini Mart ("the store").[5]  In early 2015, Bichtrang became aware that Tran was selling marijuana out of the store and keeping drugs and cash in a locked office at their home in Slidell.  She also discovered that Tran was keeping marijuana plants in the store's back office.

Bichtrang's brother, Michael Pham, lived with them in Slidell.[6]  After about three months, Tran asked Michael to quit his job and help in the store.  Eventually, Tran started sending Michael to deliver paper bags filled with marijuana and return with the cash from the buyer.  Co-defendant David Nguyen also worked for Tran and knew he was selling marijuana, but Nguyen did not know Tran was selling out of the store.[7]

On March 8, 2017, Tran was arrested and charged in a separate Bill of Information in St. Tammany Parish case number 585419, with aggravated assault with a firearm, illegal use of a weapon, possession with intent to distribute marijuana, possession of a legend drug, cyclobenzaprine, without a valid prescription, and possession of a firearm by a convicted felon.[8]

---

[5] *Id*., Notice of Disclosure, 4/9/19 (and attachments); *id*., Bichtrang Pham's Statement, 3/15/17.
[6] *Id*., Michael Pham's Statement, 3/16/17.
[7] *Id*., David Nguyen's Plea Transcript, at 7-8, 3/9/17.
[8] St. Rec. Vol. 2 of 2, Bill of Information, 3/8/17.

On May 30, 2019, Tran reached a plea agreement in both cases to avoid facing a life sentence.[9]  The State also filed that day, multiple offender bills in both cases, charging Tran as a second felony offender.[10]  At the same hearing, Tran entered pleas of guilty as charged to counts one through ten in 577672, and guilty as charged to counts one through five in 585419.[11]  After the state trial court read the multiple bills aloud to Tran, Tran admitted to being a second offender as charged by the multiple bills in both cases.[12]  The court adjudicated him as a second felony offender, and sentenced him as a habitual offender in 577672 to serve concurrent terms of fifteen years in prison on each of counts one through three and six through ten, ten years in prison on count four, and four years on count five.[13]  The court also sentenced Tran in 585419 as a second offender to serve concurrent terms of 40 months in prison on each of counts one and five, four years in prison on count two, fifteen years in prison on count three, and ten years in prison on count four.[14]

Tran's convictions and sentences became final thirty (30) days later, on Monday, July 1, 2019,[15] because he did not move to reconsider his sentence or for leave to appeal.  La. Code Crim. P. art. 914;[16] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when

---

[9] St. Rec. Vol. 1 of 2, Plea Minutes, 577672, 5/30/19; *id*., Trial Court Order, 3/22/22 (dated 3/18/22); St. Rec. Vol. 2 of 2, Plea Minutes, 585419, 5/30/19.

[10] St. Rec. Vol. 1 of 2, Plea Minutes, 577672, 5/30/19; *id*., Multiple Bill, 577672, 5/30/19; St. Rec. Vol. 2 of 2, Plea Minutes, 585419, 5/30/19; *id*., Multiple Bill, 585419, 5/30/19.  Both multiple bills are based on Tran's August 12, 2003, plea of guilty to the charge of simple escape in Plaquemines Parish case number 01-2049.  *See*, St. Rec. Vol. 1 of 2, Predicate Bill of Information, 01-2049, copy dated 5/30/19; *id*., Plea Minutes, 01-2049, 8/12/03; Waiver of Rights Form, 01-2049, 8/12/03.

[11] St. Rec. Vol. 1 of 2, Plea Minutes, 577672, 5/30/19; *id*., Trial Court Order, 3/22/22 (dated 3/18/22); St. Rec. Vol. 2 of 2, Plea Minutes, 585419, 5/30/19.

[12] St. Rec. Vol. 1 of 2, Plea Minutes, 577672, 5/30/19; St. Rec. Vol. 2 of 2, Plea Minutes, 585419, 5/30/19.

[13] St. Rec. Vol. 1 of 2, Plea Minutes, 577672, 5/30/19.

[14] St. Rec. Vol. 2 of 2, Plea Minutes, 585419, 5/30/19.

[15] The thirtieth day was Saturday, June 30, 2019, causing the last day of the period to fall to the next business day, Monday, July 1, 2019.  *See* La. Code Crim. P. art. 13; Fed. R. Civ. P. 6.

[16] Louisiana law provides that a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects on appeal or on post-conviction relief.  *State v. Crosby*, 338 So. 2d 584, 588 (La.

the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*,

319 F.3d 690, 694 (5th Cir. 2003)).

More than two years and five months later, on December 9, 2021, Tran submitted to the

state trial court an Application for Out of Time Appeal and a Motion for Production of Documents

addressed to both cases.[17]  On March 18, 2022, the state trial court denied Tran's request for an

out of time appeal because Tran did not seek post-conviction review in a timely manner even when

considering the effects of the COVID-19 pandemic.[18]  The Court also found that Tran failed to

indicate any potential claims for review in his motion.  The Court, however, granted Tran's request

for free copies of his bills of information, multiple bills, sentencing minute entries, transcripts of

his guilty pleas/sentencings, and the commitment documents for both cases.[19]  Tran did not seek

review of this ruling and filed no other state court pleadings.

## II.      Federal Petition

On October 7, 2022, after correction of certain deficiencies, the clerk of the United States

District Court for the Western District of Louisiana filed Tran's federal habeas petition in which

he asserted the following claims:[20] (1) He was denied effective assistance of counsel when counsel

(a) coerced him into entering a plea of guilty on false advise, and (b) failed to advise petitioner of

present and future consequences of pleading guilty to an aggravated charge and as a convicted

---

1976).  Where grounds do exist, Louisiana law requires the defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence.  La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1).  A defendant's failure to move timely for appeal under Art. 914 renders the conviction and sentence final at the expiration of that period.  *State v. Counterman*, 475 So. 2d 336, 338 (La. 1985).

[17] St. Rec. Vol. 1 of 2, Application for Out of Time Appeal, 12/17/21; *id*., Motion for Production of Documents, 12/17/21 (dated 12/9/21).

[18] *Id*., Trial Court Order, at 3, 3/22/21 (dated 3/18/22).

[19] *Id*.

[20] ECF No. 7; *see also*, ECF No. 4 (W.D. La. Order requiring Tran to file form petition).

felon in possession of a firearm charge; (2) the bills of information are invalid because it was based

on an outdated conviction beyond the cleansing period; (3) the State did not uphold the plea

agreement that he would receive only 40 months on count three as a convicted felon with a firearm

and changed the original sentence of 15 years on ten counts in 577672 and three counts in 585419

without his consent or knowledge; and (4) his sentence is illegal and excessive.  The matter was

transferred to this Court on April 27, 2022.[21]

The State filed a response in opposition to Tran's federal petition on June 8, 2022, asserting

that, despite any COVID-19 pandemic considerations, Tran's petition was not timely filed and his

claims are not exhausted, making them now technically procedurally defaulted because he is out

of time to return to the state courts.  Tran has not filed a reply to the State's opposition despite

having been given an opportunity to do so.

### III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-

132, 110 Stat. 1214,[22] applies to Tran's petition, which is deemed filed in a federal court on March

17, 2022.[23]  The threshold questions on habeas review under the amended statute are whether the

petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in

---

[21] ECF No. 10.

[22] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[23] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after AEDPA's effective date submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Tran dated his signature on his original deficient petition on March 17, 2022.  ECF No. 1 (deficient complaint).  This is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to a court.

state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in

"procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing

28 U.S.C. § 2254(b), (c)).

The State has alleged several preliminary defenses, including the untimeliness of Tran's

federal petition, his failure to exhaust, and his technical exhaustion and resultant procedural

default.  The Court will pretermit a discussion of the timeliness of Tran's federal petition[24] and

will address the State's exhaustion related defenses.

## IV.    Technical Exhaustion and Procedural Default

The State correctly recognizes that Tran has not exhausted state court review of any of his

claims raised in this federal petition.  The State contends that, as a result, the claims are now

technically exhausted and in procedural default because any attempt to exhaust would now be

untimely under state law.  For the following reasons, the procedural default issue should be rejected

at this time.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all

claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d

384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *accord Preiser v.*

*Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles*, 127 F.3d at 419.  Habeas claims maybe procedurally

defaulted for purposes of federal habeas review when a petitioner fails to exhaust state court

remedies and the state court to which petitioner would be required to present his claims would now

---

[24] The State's limitations defense includes a discussion of Tran's lapse in filings and claims of pandemic related barriers and delays.  However, in assessing exhaustion, this Court recognizes that if Tran's claims of newly discovered support or ineffective assistance of trial counsel are accepted by the state courts, a time-bar dismissal in this federal court could unnecessarily complicate his ability to return to this court for review.  If he files another federal petition after exhaustion, and nothing has changed, the limitations defense can be considered by the court at that time.

find the claims to be procedurally defaulted or barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). A habeas petitioner who has defaulted his federal claims in this way meets the "technical" requirements for exhaustion, because there are no state remedies left "available" to him. *Gray v. Netherland*, 518 U.S. 152, 161-162 (1996); *see* 28 U.S.C. § 2254(b); *Coleman*, 501 U.S. at 732 (citing *Engle v. Isaac*, 456 U.S. 107, 125-126 & n.28 (1982)). The United States Supreme Court has determined that the exhaustion requirement "'refers only to remedies still *available* at the time of the federal petition,' [and] it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law.'" *Gray*, 518 U.S. at 161-62 (quoting *Engle*, 456 U.S. at 125 n.28, and *Castille v. Peoples*, 489 U.S. 346, 351 (1989)) (emphasis added, citations omitted). Thus, if no review is available, the claim is technically exhausted and in procedural default.

In Tran's case, the record is *not so clear* and does not assure that *no* state court remedy is *available* to Tran if he were to return to exhausting state court review of his federal claims. While he did not file for post-conviction review, or seek any review of the state trial court's denial of his out of time appeal request, that void did not necessarily end his opportunity for other state court post-conviction review in light of COVID-19 delays and the myriad of statutory exceptions to untimely filings available to him under state law. There are exceptions under Louisiana law, including the broad interests of justice, to both the timeliness and successiveness of post-conviction review in the Louisiana courts. *See* La. Code Crim. P. arts. 930.4 & 930.8. In other words, if Tran returns to the state courts to seek review of his claims, there is the possibility that the state courts would review the claims despite their apparent procedural posture. Based on this record, these exceptions might also include consideration of pandemic restrictions in the jail facilities and related filing extensions.

Until it is clear, or the Louisiana Supreme Court has declared that no further review is available to Tran, the Court will not impose a procedural bar based on a presumed technical exhaustion. *Gray*, 518 U.S. at 161-62.  While the Court does not assume or suggest that the state courts will allow Tran to seek further review of his claims, comity would favor allowing the state courts the opportunity to consider it before this Court bars review.   Thus, the technical exhaustion/procedural default defense should be rejected at this time.  Nevertheless, for the reasons that follow, Tran's federal petition should be dismissed for his actual failure to exhaust state court review of his claims.

### V.      **Exhaustion Doctrine**

The State asserts, and the record demonstrates, that Tran has not exhausted state court review of any of his federal claims.  In fact, Tran did not seek review of the denial of his out of time appeal request and has not filed for post-conviction review in either case number 577672 or case number 585419.

"A federal habeas petition should be dismissed if state remedies have not been exhausted as to *all* of the federal court claims."   *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20) (emphasis added).  The exhaustion requirement is satisfied when the substance of the federal habeas claims have been "fairly presented" to the highest state court in a procedurally proper manner.  *Id*. (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)) (emphasis added).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *accord Duncan v. Walker*, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id*. (citing *Nobles*, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

To exhaust review of his claims in the state courts, Tran must have fairly presented the same claims and legal theories he urges in his federal petition to each level of the state courts through to the Louisiana Supreme Court in a procedurally proper manner. Tran simply has not done so. He has not sought review of his claims in any state court.

Tran, therefore, has not given the state courts, including the Louisiana Supreme Court, an opportunity to review his federal habeas claims. The record reveals no good cause for his failure to exhaust review of his claims, and there is none apparent from the record. Tran's federal petition should be dismissed without prejudice which will allow him to exhaust available state court review of his claims.

## VI.   Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Tam Minh Tran's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[25]

New Orleans, Louisiana, this 8th day of December, 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[25]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.